24-cv-1532
BD11
#7  Fee pd.

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Stephanie Wright,<br><br>*Plaintiff,*<br><br>v.<br><br>Ally Financial, Inc.,<br><br>*Defendant,* | Case No.:<br><br>Plaintiff's Brief In Support Of Complaint |

## I. INTRODUCTION

Plaintiff Stephanie Wright submits this brief in support of her complaint against Ally Financial, Inc., for breach of contract, unlawful conversion, securities fraud, and an adverse claim. Plaintiff seeks declaratory, injunctive, and compensatory relief based on Defendant's unauthorized securitization and conversion of her contract, which violates federal securities laws, the Truth in Lending Act (TILA), and state contract and property rights.

**FILED**

NOV -8 2024

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. STATEMENT OF FACTS

On November 21, 2015, Plaintiff entered into a Retail Installment Contract with Defendant for financing a vehicle. Defendant subsequently securitized and traded the contract without Plaintiff's knowledge or consent, failing to disclose essential information and bypassing mandatory rights and notices required under TILA. These actions violated the contract terms and compromised Plaintiff's proprietary and financial interests.

## III. ARGUMENT

A. Count 1: Breach of Contract

Defendant materially breached the contract by failing to provide required disclosures under TILA and by converting the contract into a tradable security without Plaintiff's consent. Pennsylvania law upholds a duty of full disclosure in financial agreements where the non-disclosure of essential terms or risks renders a contract voidable.

Pennsylvania Contract Law: Defendant's omission of required notices and unauthorized securitization breached Plaintiff's contractual rights under Pennsylvania common law, which mandates honest dealings in financial transactions.

Truth in Lending Act (15 U.S.C. § 1601 et seq.): TILA requires creditors to provide clear and conspicuous disclosures of material terms. Defendant's failure to disclose the 72-hour rescission right and other rights provided by TILA constitutes a material breach.

## B. Count 2: Unlawful Conversion

Defendant unlawfully converted Plaintiff's financial interest by transforming the contract into a security and trading it without authorization. Under 13 Pa. C.S. § 3305 and § 3306, Plaintiff retains rights to her financial property, which Defendant infringed by treating it as a commodity for resale.

Conversion: Pennsylvania law defines conversion as the unauthorized exercise of control over another's property. Defendant's actions deprived Plaintiff of ownership and control of her financial interest in the agreement, meeting the requirements for a conversion claim.

## C. Count 3: Securities Fraud (Securities Exchange Act of 1934)

Defendant's failure to disclose the securitization and trading of Plaintiff's contract constitutes securities fraud under the Securities Exchange Act of 1934.

Misclassification of Agreement: Under 15 U.S.C. §§ 77(a)(1) and 78(c)(a)(10), the agreement qualifies as a security due to its securitized nature, meeting the criteria for an investment contract as defined by the SEC v. Howey test. Defendant's failure

to report this classification to the SEC and its omission of essential financial disclosures qualify as securities fraud.

### D. Count 4: Adverse Claim

Plaintiff holds an adverse claim to the securitized contract under 13 Pa. C.S. § 8503 and 13 Pa. C.S. §§ 8505 8508, granting her entitlement and possessory rights over the instrument and proceeds.

Adverse Claim Rights: Pennsylvania law upholds entitlement holders' rights to reclaim interests in securitized assets that were traded without authorization. Defendant's failure to secure Plaintiff's consent prior to securitization and trading entitles Plaintiff to recoup proceeds generated through these unauthorized transactions.

## IV. RELIEF REQUESTED

Plaintiff seeks the following relief:

1. Declaratory Judgment confirming the contract's status as a security under federal law;

2. Rescission or reformation of the contract under TILA due to Defendant's non-disclosures;

3. Compensatory damages for twice the total finance charge, including Plaintiff's $12,000 downpayment;

4. Injunctive Relief enjoining Defendant from further collections until a full audit is completed;

5. Costs and attorney's fees as provided by law.

## V. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court grant relief as sought in the Complaint and any further relief deemed just and proper.

# CERTIFICATE OF SERVICE

I hereby certify that on November 8th, 2024, I served a true and correct copy of the Complaint, Plaintiff's Brief in Support of Complaint, and Declaration of Stephanie Wright, via certified mail, return receipt requested, to the following:

**Ally Financial, Inc.**
Registered Agent: CT Corporation System
40600 Ann Arbor Rd E, Suite 201
Plymouth, MI 48170
Phone: (313) 894-0500

**Corporate Headquarters:**
Ally Financial, Inc.
500 Woodward Avenue
Detroit, MI 48226
Phone: (800) 871-9012

Service has been made by certified mail, return receipt requested, and the tracking numbers will be provided for reference upon receipt.

**Executed on:** November 8th, 2024

By: Wright, Stephanie
/s/ Wright, Stephanie

## DECLARATION OF STEPHANIE WRIGHT

I, Stephanie Wright, declare as follows:

1. I am the Plaintiff in this matter, residing in Murrysville, Pennsylvania, and I am fully competent to make this declaration.

2. I have personal knowledge of the facts stated in the complaint filed against Ally Financial, Inc. and confirm that, to the best of my knowledge, the facts and allegations stated therein are true and correct.

3. The claims asserted against Ally Financial, Inc., including those for breach of contract, unlawful conversion, securities fraud, and an adverse claim, arise from Defendant's unauthorized securitization and trading of my financial agreement.

4. I affirm that the statements in this complaint, the supporting brief, and attached documents are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

**Date:** November 8th, 2024

**By:** Wright, Stephanie
/s/ Wright, Stephanie

all rights retained

6375 Penn Avenue Suite B 1312

Pittsburgh, Pennsylvania 15206

412-503-2282