IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| STEPHANIE WRIGHT, | ) |
| | ) |
| | ) 2:24-CV-01532-MJH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ALLY FINANCIAL, | ) |
| | ) |
| Defendant, | |

**OPINION**

Plaintiff, Stephanie Wright, *pro se*, brings the within action against Defendant, Ally Financial, for alleged violations under the Truth in Lending Act, Breach of Contract, Conversion, Securities Fraud, and an "adverse claim" under 13 Pa.C.S. §§ 8503, 8505-8508. (ECF No. 13). Defendant, Ally Financial, Inc., moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 23). The matter is now ripe for decision.

Upon consideration of Ms. Wright's Amended Complaint (ECF No. 13), Ally's Motion to Dismiss (ECF No. 23), the respective briefs (ECF Nos. 24, 26, 27, and 28), and for the following reasons, Ally's Motion to Dismiss will be granted.

I.   Background

In her Amended Complaint, Ms. Wright alleges that, on November 21, 2015, she entered into a Retail Installment Sales Contract ("RISC") to finance a vehicle. (ECF 13 at ¶ 7). Ms. Wright avers that Ally subsequently securitized and traded the contract without her knowledge or consent. *Id*. at ¶ 8. Ms. Wright claims that Ally failed to disclose the securitization of her loan to her, or to provide her with mandatory Truth in Lending Act ("TILA") disclosures – including a

disclosure to explain the 72-hour right of recission or modification. *Id*. at ¶ 9. Ms. Wright further alleges that Ally materially breached the RISC by securitization of the loan. *Id*. In addition to the TILA and breach of contract claims, Ms.Wright also avers a conversion claim, alleging that Ally exercised "unauthorized dominion and control over Plaintiff's financial interest by converting and monetizing the agreement through securitization without consent." *Id*. at ¶ 11. Ms. Wright also alleges that "the securitized agreement qualifies as a security" and "meet[s] the definition of an investment contract" and asserts a claim for securities fraud based on the claim that Ally failed to "report or disclose this classification and engaged in deceptive practices in violation of 15 U.S.C. §§ 77(a)(1), 78(c)(a)(10)." *Id*. at ¶ 12. Finally, Ms. Wright asserts an adverse claim "under 13 Pa.C.S. §§ 8503, 8505-8508 to reclaim all proceeds and exercise possessory rights over the securitized asset, as the entitled holder without authorization granted for conversion or transfer." *Id*. at ¶ 13.

Ally moves to dismiss Ms. Wright's Amended Complaint on the basis that her claims are time barred or otherwise fail to state a claim upon which relief can be granted.

II.     Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct.

1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless

discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III. Discussion

    A. Time Limitation (Counts I, II, and III)

Ally argues that Counts I, II, and III are time-barred. Ms. Wright contends that the statute of limitations was tolled, because Ally's violations were only discovered recently.

Statutes of limitations are affirmative defenses that may only be addressed on a Rule 12(b)(6) motion if a claim's untimeliness is apparent on the face of the complaint. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). "[A] court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

    1. TILA

The disclosures required by TILA must be made before credit is extended so the borrower is informed and aware of the disclosed terms before they are bound to the terms of the

transaction. *See In re Ralls*, 230 B.R. 508, 520 (E.D. Bankr. 1999) ("In sum, any disclosures made after the parties entered and signed the consumer loan transaction are not disclosures which meet the terms of TILA and its implementing regulations.") The TILA provides that "any action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . .". 15 U.S.C. § 1640(e).

Here, Ms. Wright entered into a Retail Installment Sales Contract ("RISC") to finance the purchase of a car on November 21, 2015. If the TILA disclosures provided to Ms. Wright were inadequate or if Ally failed to provide TILA disclosures, the TILA violation occurred on or before November 21, 2015, prior to the extension of credit on the RISC. Thus, Ms. Wright's TILA cause of action for any alleged failure to disclose arose when she entered into the RISC in November of 2015, and she would have been required to bring her TILA claim by November 2016. She filed this action on November 8, 2024. Ms. Wright's allegations demonstrate no concealment by Ally that would trigger a tolling of the statute. Instead, her averments rest on Ally's alleged failure to comply with disclosure requirements. Any ignorance by Ms. Wright of Ally's TILA obligations does not warrant tolling the statute of limitations. See *Daniel v. Wynder*, CIV.A. 07-1117, 2009 WL 161668, at *10 (W.D. Pa. Jan. 22, 2009) (ignorance of the law is simply inadequate to merit tolling of the statute of limitations). Therefore, Ms. Wright's TILA claim is time barred.

    2. Breach of Contract

Ms. Wright next alleges that Ally breached the RISC by failing to make the required TILA disclosures. The RISC was executed on November 21, 2015. The statute of limitations for breach of contract claims is four years. 42 Pa.C.S.A. § 5525(8). The statute of limitations begins

to accrue at the time of the breach. *SpiriTrust Lutheran v. Wagman Const., Inc.*, 314 A.3d 894, 906 (Pa. Super. 2024).

Here, Ms. Wright's alleged failure to receive all the disclosures required by TILA accrued on or before November 21, 2015 when she executed the RISC.  Therefore, the statute of limitations for any breach of contract, based upon the failure to make TILA disclosures, would need to be filed by November 2019. She filed this action on November 8, 2024.  Therefore, Ms. Wright's Breach of Contract claim is time barred.

3. Conversion

Ms. Wright alleges that "Defendant exercised unauthorized dominion and control over Plaintiff's financial interest by converting and monetizing the agreement through securitization without consent, in violation of 13 Pa.C.S. §§ 3305, 3306." (ECF 13 at ¶ 11).  In Pennsylvania, the statute of limitations for the conversion of negotiable instruments is three years.13 Pa.C.S. § 3118. The cause of action for the conversion of negotiable instruments accrues, and the statute of limitations begins to run at the moment in time when the instrument is negotiated. *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 786 (E.D. Pa. 2008) (citing *Menichini v. Grant*, 995 F.2d 1224, 1231 (3d Cir. 1993); *see also Est. of Hollywood v. First Nat'l Bank of Palmerton*, 858 A.2d 472, 483 (Pa. Super. 2004).

Here, Ms. Wright executed the RISC, the only contract referenced in her Amended Complaint, on November 21, 2016. Therefore, her cause of action for conversion expired three years later on November 21, 2019. She filed this action on November 8, 2024.  Accordingly, Ms. Wright's conversion claim is time barred.

4. Securities Fraud

Ms. Wright next alleges that the RISC is a "securitized agreement [which] qualifies as a security under the Securities and Exchange Act of 1934, meeting the criteria of an investment contract. Defendant failed to report or disclose this classification and engaged in deceptive practices in violation of 15 U.S.C. §§ 77(a)(1), 78(c)(a)(10)."

For a private cause of action for securities fraud, there is both a statute of repose and a statute of limitations. "[A] private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws ... may be brought not later than the earlier of: (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation." 28 U.S.C. § 1658(b). The statute of limitations begins to run once securities are exchanged, while the statute of repose begins to run on the date of the alleged misrepresentation. *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 200 (3d Cir. 2007). The statute of repose under Section 1658(b)(2) provides "an unqualified bar on actions instituted '5 years after such violation,' giving defendants total repose after five years...." *Merck & Co. v. Reynolds*, 559 U.S. 633, 650 (2010) (internal citation omitted).

Here, while the RISC would not qualify as a security, Ms. Wright still did not file her securities fraud claim before the expiration of the applicable statute of limitations. *See Reves v. Ernst & Young*, 494 U.S. 56, 65 (1990) (A "note delivered in consumer financing" is not a security under the Securities Exchange Act of 1934). The RISC was executed on November 21, 2015.  The statute of limitations began to run when the RISC was executed.  Under the applicable statue of limitations, Ms. Wright would have needed to file a securities fraud claim by November 21, 2017.   Likewise, the statute of repose began to run on the date of any alleged

7

misrepresentation, which is no later than the date the Plaintiff executed the RISC. Under the applicable statute of repose, Ms. Wright would have needed to file a securities fraud claim by November 21, 2020.   Ms. Wright filed this action on November 8, 2024. Therefore, Plaintiff's securities fraud claim is barred by both the statute of limitations and the statute of repose.

Accordingly, Ally's Motion to Dismiss Counts I, II, and III, based upon the statute of limitations, will be granted.  Counts I, II, and III will be dismissed.

### B. Adverse Claim (Count IV)

Ally argues that Ms. Wright cannot state an adverse claim because the RISC is not a security belonging to Ms. Wright, and Ally is not a securities intermediary.  Ms. Wright contends that she has properly stated an adverse claim because she alleges Ally monetized the RISC.

Here, the sections of the Pennsylvania statutes cited by Plaintiff in support of her claim describes the duties and obligations of an intermediary to distribute payments received from the issuer of a security, to the owner or holder of the security. 13 Pa.C.S.A. § 8501. The RISC is an agreement between Ally and the Plaintiff to finance the purchase of a vehicle. Because the RISC is a "note delivered in consumer financing," it does not fall within the meaning of a "security" under the Securities Exchange Act of 1934. See Reves v. Ernst & Young, 494 U.S. 56, 65 (1990).  Therefore, in the context of Ms. Wright's Amended Complaint, she has no legal basis to claim an adverse interest.

Accordingly, Ally's Motion to Dismiss Count IV will be granted.  Count IV will be dismissed.

IV. Conclusion

For the reasons set forth, Ally's Motion to Dismiss will be granted. Ms. Wright's Amended Complaint will be dismissed, and any amendment is deemed futile. A separate order will follow.

Dated: September 17, 2025

BY THE COURT:

*Marilyn J. Horan*
MARILYN J. HORAN
United States District Judge

CC: STEPHANIE WRIGHT
5831 Forward Avenue
Suite 356
Pittsburgh, PA 15217